*Sessa v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-two.

PRESENT:
> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
>
> *Circuit Judges.*

_____

MICHAEL SESSA,

> *Petitioner-Appellant,*

v.                                                                    No. 20-2691

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

_____

**For Petitioner-Appellant:** JOHN S. WALLENSTEIN, Law Office of John S. Wallenstein, Garden City, NY.

**For Respondent-Appellee:** ELIZABETH GEDDES (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-Appellant Michael Sessa appeals an order of the district court denying his 28 U.S.C. § 2255 motion to vacate his conviction for violating 18 U.S.C. § 924(c)(1)(A). Sessa was convicted after a jury trial of one count of racketeering, in violation of 18 U.S.C. § 1962(c); one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); one count of murder, in violation of 18 U.S.C. § 1959(a)(1); two counts of murder conspiracy, in violation of 18 U.S.C. § 1959(a)(5); two counts of loansharking conspiracy, in violation of 18 U.S.C. §§ 892(a) and 894(a); and one count of using a firearm in relation to a crime of

violence, in violation of 18 U.S.C. § 924(c)(1)(A). The section 924(c) conviction was predicated on the murder and murder conspiracies.

The district court (Weinstein, *J.*) imposed on Sessa three concurrent life sentences on the racketeering, racketeering conspiracy, and substantive murder counts; twenty years' imprisonment on the loansharking conspiracy counts; ten years' imprisonment on the murder conspiracy counts; and five years' consecutive imprisonment on the section 924(c) count. After an unsuccessful appeal and petition for collateral review, Sessa filed this motion to vacate his section 924(c) conviction. Sessa contends that his section 924(c) conviction can no longer stand after the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that the "residual clause" of section 924(c) is unconstitutionally vague, *see id.* at 2336.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The government argues that we should decline to review Sessa's petition under the concurrent sentence doctrine, given that he must first serve three concurrent life sentences for murder, racketeering, and racketeering conspiracy before he will even begin to serve the mandatory consecutive sentence imposed

3

on the section 924(c) conviction. *See Kassir v. United States*, 3 F.4th 556, 569 (2d Cir. 2021) (holding that an appellate court has the discretion under the concurrent sentence doctrine to "decline to consider collateral challenges to a conviction's validity if the petitioner is concurrently serving an equal or longer sentence on another valid count of conviction"). But we need not reach this issue because Sessa's motion fails on the merits in any event.

The Supreme Court held in *Davis* that the "residual clause" of section 924(c)'s definition of a crime of violence, 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague. *See* 139 S. Ct. at 2323–24, 2336. As a result, offenses that qualify as crimes of violence under the "residual clause," and not under the "elements clause," 18 U.S.C. § 924(c)(3)(A), may no longer serve as predicates for section 924(c) convictions. *See, e.g.*, *United States v. Barrett*, 937 F.3d 126, 128–29 (2d Cir. 2019). Sessa's murder conspiracy convictions are such non-qualifying predicates post-*Davis*. But his conviction for the substantive crime of murder remains indisputably a qualifying crime of violence. *See, e.g.*, *United States v. Scott*, 990 F.3d 94, 100–01 (2d Cir. 2021) (finding that first-degree manslaughter under New York law is a qualifying crime of violence under section 924(c)'s elements clause and rejecting "[the defendant's] reasoning, which, carried to its

4

logical – or illogical – conclusion, would preclude courts from recognizing even intentional murder as a categorically violent crime"); *see also Moore v. United States*, No. 16-3715, 2021 WL 5264270, at *2 (2d Cir. Nov. 12, 2021) (holding that murder in violation of 18 U.S.C. § 1959(a)(1) constitutes a crime of violence under section 924(c)'s elements clause).

Sessa nevertheless argues that his section 924(c) conviction is invalid because "it is impossible to tell" from the jury verdict whether the section 924(c) conviction was predicated on the non-qualifying murder conspiracies or the qualifying murder. Sessa's Br. at 11 (quoting *United States v. Heyward*, 3 F.4th 75, 83 n.7 (2d Cir. 2021)). We review an unpreserved challenge based on a supervening change in precedent for plain error, *see United States v. Eldridge*, 2 F.4th 27, 36–39 (2d Cir. 2021), and ask whether there is "a reasonable probability that the error affected the outcome of [the] trial," *United States v. Agrawal*, 726 F.3d 235, 250 (2d Cir. 2013) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)); *see also Eldridge*, 2 F.4th at 39 n.16. There is not. The government presented the jury with substantial evidence that Sessa shot his victim in the head three times with a revolver. *See United States v. Sessa*, No. 92 Cr. 351 (ARR), 2011 WL 256330, at *4 (E.D.N.Y. Jan. 25, 2011), *aff'd*, 711 F.3d 316 (2d Cir. 2013). It is inconceivable

5

that the jury would have convicted Sessa of murder in violation of 18 U.S.C. § 1959(a)(1) but declined to rely on that predicate crime of violence in convicting him on the section 924(c) charge. *See Eldridge*, 2 F.4th at 39 (upholding a section 924(c) conviction premised on both valid and invalid predicates where the evidence for both predicates was "entwined" and the underlying events formed "a single narrative"); *United States v. Skelly*, 442 F.3d 94, 99 (2d Cir. 2006) ("This is not a case . . . where it is impossible to determine which of two competing theories formed the basis for conviction, for it is overwhelmingly likely that any reasonable juror would have convicted on the basis of the [g]overnment's primary theory.").

Sessa also suggests that, because the jury was instructed on multiple theories of liability, it is possible that the jury convicted him of murder under the theory of co-conspirator liability articulated in *Pinkerton v. United States*, 328 U.S. 640 (1946), or under an aiding-and-abetting theory of liability. That possibility, however, is immaterial. Even if the jury found Sessa guilty of murder under a theory of vicarious liability, the substantive crime of murder on which Sessa's section 924(c) conviction was predicated "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *see also United States v. Delgado*, 972 F.3d 63, 75 (2d Cir.

6

2020), *as amended* (Sept. 1, 2020) ("[W]hen a person is charged with aiding and abetting the commission of a substantive offense, the 'crime charged' is . . . the substantive offense itself." (quoting *United States v. Oates*, 560 F.2d 45, 55 (2d Cir. 1977))); *United States v. McCoy*, 995 F.3d 32, 58 (2d Cir. 2021) ("If the underlying offense is a crime of violence, it is a predicate for § 924(c) liability; if the defendant aided and abetted that underlying offense, he is guilty of the underlying offense."). A conviction under *Pinkerton* or an aiding-and-abetting theory simply does not transform a substantive crime of *murder* into a murder *conspiracy*. *See Pinkerton*, 328 U.S. at 643–44 (rejecting the argument that "the substantive offenses were merged in the conspiracy" simply because the overt act of a co-conspirator is attributed to other co-conspirators for purposes of holding them responsible for the substantive offense).

For all these reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7